

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-75,880

### EX PARTE DONN LEE NORTON Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 17823-361 IN THE 361ST DISTRICT COURT
### FROM BRAZOS COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a habitation with intent to commit theft and sentenced to ten years' imprisonment.

Applicant contends that he is being improperly denied street time credit on this sentence. If a person has served more than half his remaining time from the date of conditional release from TDCJ to the date of the issuance of a parole revocation (blue) warrant, he may be entitled to credit towards his sentence for time served while on parole. Tex. Gov't Code §508.283(c). The trial court

determined that since Applicant is serving a sentence for first degree burglary, he is ineligible for street time credit under Tex. Gov't Code §508.263(b). This Court has previously determined that a person convicted of first degree burglary of a habitation with intent to commit theft prior to the change in the Penal Code making such an offense a second degree felony is eligible for street time credit. *Ex Parte Mabry*, 137 S.W.3d 58 (Tex. Crim. App. 2004). Applicant's offense falls within this category and does not disqualify him for consideration of street time credit. Applicant is also serving two other sentences, but those are immaterial to the determination of Applicant's claim in this cause. None of Applicant's offenses are described by Tex. Gov't Code §508.149(a) and make him ineligible for street time credit under Tex. Gov't Code §508.283(b).

The trial court obtained affidavits from the Texas Department of Criminal Justice to answer Applicant's claim. TDCJ states that Applicant was released on parole for this cause on July 3, 1998 with a maximum discharge date of May 6, 2005 (on this offense). That would make his mid-point for parole in this case December 4, 2001. Applicant was out of custody until a parole revocation (blue) warrant issued for his arrest on November 27, 2002. Applicant served more than one-half of his remaining sentence on parole prior to the parole revocation warrant being issued and is entitled to credit for this street time in this cause.

Relief is granted. Applicant is to receive time credit in this cause for the time he was released from July 3, 1998 to when the parole revocation warrant was issued in November 27, 2002.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: April 2, 2008
Do Not Publish